**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

YUL DARIUS DUNNING,

        Petitioner,

v.

        CIVIL NO. 2:08-CV-11838
        HONORABLE MARIANNE O. BATTANI
        UNITED STATES DISTRICT COURT

MICHIGAN DEPARTMENT OF
CORRECTIONS,

        Respondent.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

Yul Darius Dunning, ("Petitioner"), presently confined at the Charles Egeler Reception and Guidance Center in Jackson, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed *pro se*, petitioner challenges his conviction for felon in possession of a firearm, M.C.L.A. 750.224f; and possession of a firearm in the commission of a felony [felony-firearm], M.C.L.A. 750.227b. For the reasons stated below, the petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE.**

### I. Background

Petitioner was convicted of the above offenses in the Wayne County Circuit Court on March 18, 2008. Petitioner was sentenced on April 3, 2008 to two years in prison on the felony-firearm count and received probation on the felon in possession count. A revised sentence of judgment was entered on April 8, 2008.

1

By his own admission, petitioner has yet to appeal his conviction to the Michigan Court of Appeals or to the Michigan Supreme Court.

Petitioner has now filed the instant petition, in which he seeks habeas relief on four different grounds.

## II.  Discussion

The instant petition must be dismissed because petitioner has failed to exhaust his claim with the state courts.

A state prisoner seeking federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c); *Picard v. Connor*, 404 U. S. 270, 275-78 (1971).  The Antiterrorism and Effective Death Penalty Act (AEDPA) preserves the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed to do so. *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999).  A prisoner confined pursuant to a Michigan conviction must raise each habeas issue in both the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).  A habeas petitioner has the burden of proving that he or she has exhausted his or her state court remedies. *Sitto v. Bock,* 207 F. Supp. 2d 668, 675 (E.D. Mich. 2002).  The failure to exhaust state court remedies may be raised *sua sponte* by a federal court. *Benoit v. Bock,* 237 F. Supp. 2d 804, 806

(E.D. Mich. 2003); 28 U.S.C. § 2254(b)(3).

The exhaustion doctrine, in the context of habeas cases, turns upon an inquiry of whether there are available state court procedures for a habeas petitioner to exhaust his claims. *See Adams v. Holland,* 330 F. 3d 398, 401 (6th Cir. 2003). In the present case, petitioner has yet to file a direct appeal and still has time to do so. Under M.C.R. 7.204 (A)(2)(c), petitioner has forty two days from the date of the judgment of sentence to file an appeal of right with the Michigan Court of Appeals. A timely request by petitioner for the appointment of appellate counsel would act as a claim of appeal. *See People v. Hernandez,* 443 Mich. 1, 19-20; 503 N.W. 2d 629 (1993)(citing to staff comments for M.C.R. 6.425(F)(3)). Because petitioner was sentenced on April 3, 2008, he has until May 18, 2008 to file an appeal of right with the Michigan Court of Appeals. Moreover, assuming that petitioner fails to file his claim of appeal within forty two days of sentencing, petitioner would still have one year from his sentencing to file an application for leave to appeal with the Michigan Court of Appeals pursuant to M.C.R. 7.205(F)(3). Under M.C.R. 7.302 (C)(3), petitioner would then have fifty six days following the denial of any appeal by the Michigan Court of Appeals to seek leave to appeal with the Michigan Supreme Court. Because petitioner has not presented his claims to the Michigan Court of Appeals or to the Michigan Supreme Court, he has not exhausted his state court remedies. *See Geeter v. Bouchard,* 293 F. Supp. 2d 773, 775 (E.D. Mich. 2003).

Petitioner acknowledges that he has failed to exhaust his state court remedies, but contends that he should be excused from having to exhaust his remedies because of a radical jurisdictional defect that would establish his innocence of the crimes for which he was convicted. An exception to the exhaustion requirement exists only if there is no opportunity to obtain relief in the state courts or if the corrective process is so clearly deficient as to render futile any effort to obtain relief in the state courts. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). A habeas petitioner, however, has the burden of showing that all available state court remedies have been exhausted or that exceptional circumstances exist which would make exhaustion unnecessary. *Doty v. Lund*, 78 F. Supp. 2d 898, 901 (N.D. Iowa 1999).

A number of cases have held that a habeas petitioner is required to exhaust any jurisdictional defect claim with the state courts before presenting such a claim to the federal courts in a petition for writ of habeas corpus. *See Daniel v. Lafler,* No. 2006 WL 1722219, *2 (E.D. Mich. June 20, 2006); *Banks v. Smith,* 377 F. Supp. 2d 92, 96 (D.D.C. 2005); *Warren v. Hogan,* 373 F. Supp. 1241, 1243 (S.D.N.Y. 1974); *United States ex. rel. Thomas v. Com. of Pa.,* 299 F. Supp. 651, 652 (E.D. Pa. 1969); *United States ex. rel. Hazen v. Maroney,* 217 F. Supp. 328, 329 (W.D. Pa. 1963). In determining whether the futility exception to the exhaustion requirement applies, the "pertinent question" is not whether the state court would be inclined to rule in the habeas petitioner's favor, but whether

4

there is any available state procedure for determining the merits of petitioner's claim. *Spreitzer v. Schomig*, 219 F. 3d 639, 647 (7th Cir. 2000). Under Michigan law, petitioner is permitted to raise claims involving jurisdictional defects on appeal. *See e.g. People v. Price,* 126 Mich.App. 647; 655; 337 N.W. 2d 614 (1983). Because petitioner still has available state court remedies to raise his claims, he is not exempt from the exhaustion requirement.

In addition, petitioner would be required to present any actual innocence claim to the state courts before a federal court can consider such a claim on habeas review. *See e.g. Howard v. Wolfe,* 199 Fed. Appx. 529, 532 (6th Cir. 2006); *Cammuse v. Morgan,* 105 Fed. Appx. 667, 669 (6th Cir. 2004).

Petitioner has failed to exhaust his state court remedies with respect to his claims and still has an available state court remedy with which to do so. Although a district court has the discretion to stay a mixed habeas petition containing both exhausted and unexhausted claims to allow the petitioner to present his unexhausted claims to the state court in the first instance, *See Rhines v. Weber,* 125 S. Ct 1528 (2005), in this case, a stay of petitioner's application for a writ of habeas corpus would be inappropriate, because all of petitioner's claims for habeas review are unexhausted and thus, the Court lacks jurisdiction over the petition while the petitioner pursues his claim in state court. *See Bailey v. Roe,* 135 Fed. Appx. 100, 101 (9th Cir. 2005); *Hust v. Costello,* 329 F. Supp. 2d 377, 380 (E.D.N.Y. 2004); *See also McCreary v. Smith,* 2005 WL 1349114, * 3 (E.D.

5

Mich. May 25, 2005).

In addition, the present habeas petition was filed with this Court before petitioner's conviction became final with the state courts pursuant to 28 U.S.C. § 2244(d)(1)(A). Because the one year limitations period has yet to begin running in this case, petitioner would not be prejudiced if his habeas petition was dismissed without prejudice during the pendency of his state court appeal. Thus, a stay of the proceedings is not necessary or appropriate to preserve the federal forum for petitioner's claims. *See Schroeder v. Renico,* 156 F. Supp. 2d 838, 845-46 (E.D. Mich. 2001).

### III. ORDER

Accordingly, the Petition for Writ of Habeas Corpus is **DISMISSED WITHOUT PREJUDICE.**

        s/Marianne O. Battani
        **HON. MARIANNE O. BATTANI**
        **UNITED STATES DISTRICT COURT**

DATED: May 6, 2008

### CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this order was mailed to Yul Darius Dunning.

        s/Bernadette M. Thebolt
        Deputy Clerk